NOT FOR PUBLICATION (Doc. No. 19)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

Megan HENHAFFER a.k.a.,
Megan GRILLO,
*on behalf of herself and all others similarly situated*,

Plaintiff(s),

v.

SIMEONE & RAYNOR, LLC, et al.,

Defendant(s).

Civil No. 15-8022 (RBK/AMD)

**OPINION**

**KUGLER**, United States District Judge:

Plaintiff Megan Henhaffer a.k.a. Megan Grillo, on behalf of herself and all others similarly situated, brings claims against Defendants Simeone & Raynor, LLC and I. Dominic Simeone ("Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This matter is before the Court upon Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth in this Opinion, Defendants' Motion (Doc. No. 19) is **GRANTED IN PART**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff agreed to pay dues and assessments to the Courts at Stonebridge Condominium Association ("Association") for use of a residential condominium unit. First Am. Compl. ¶ 20. Plaintiff purportedly failed to pay all dues and assessments, and the Association assigned the debt to Simeone & Raynor, a law firm, for the purpose of collection. *Id.* ¶¶ 20, 21. On November 6, 2015, Simeone & Raynor sent a letter to Plaintiff in an attempt to collect the debt ("Letter").

1

*Id.* ¶ 22. The letter was Simeone & Raynor's first communication with Plaintiff. *Id.* ¶ 24. The front page of the letter contained a ledger of the payments outstanding, including assessments, late charges, attorney's fees, preparation and recording fees for a notice of lien claim, and contract attorney's fees. *Id.* Ex. A. The back of the letter explained that the Association is allowed to charge the fees based on the Bylaws of the Stonebridge Run Condominium Association ("Bylaws"), Plaintiff has a right to dispute the debt, and the Association may begin legal proceedings if the amount due is not paid within thirty days. *Id.*

Plaintiff alleges that Defendants' letter violates the FDCPA and filed a Complaint on November 12, 2015 bringing claims individually and on behalf of a class (Doc. No. 1). *Id.* ¶ 24–51. Plaintiff seeks statutory damages, attorney's fees, and costs. *Id.* ¶ 52–53. On November 23, 2015, Plaintiff filed a First Amended Complaint (Doc. No. 5). On May 9, 2016, Defendants filed the present Motion for Judgment on the Pleadings (Doc. No. 19).

## II.     STANDARD OF REVIEW

Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and alleges that a plaintiff has failed to state a claim, it is treated under the same standards as a Rule 12(b)(6) motion. *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

**III.     DISCUSSION**

The FDCPA provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). A plaintiff bringing an FDCPA claim must show that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Defendants here are challenging only the fourth element, whether it violated the FDCPA in attempting to collect a debt from Plaintiff.

Because the FDCPA is a remedial statute, courts construe it broadly. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). Courts should analyze "[l]ender-debtor communications potentially giving rise to claims under the FDCPA" under the "least sophisticated debtor" standard. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). This is not a standard of reasonableness, because "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454. Although the standard is low, it still "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

Plaintiff brings FDCPA claims against Defendants for violations of 15 U.S.C. §§ 1692g, 1692f, and 1692e. The Court addresses each allegation in turn.

  A. **Section 1692g**

Section 1692g(a) requires that a debt collector, "in connection with the collection of any debt," send a written notice to a consumer "[w]ithin five days after the initial communication." The written notice must contain:

>  (1) the amount of the debt;
>
>  (2) the name of the creditor to whom the debt is owed;
>
>  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector and
>
>  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). These provisions constitute the validation notice.

  1. *Section 1692g(a)(3)*

Plaintiff first argues that the Letter violated § 1692g(a)(3) because it stated that Plaintiff was required to notify the debt collector in writing. Section 1692g(a)(3) does not explicitly necessitate that the consumer dispute the debt in writing. However, the Third Circuit has interpreted the provision to incorporate such a requirement. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). Plaintiff here essentially asks the Court to reject *Graziano*, but the case is good law and binding precedent. Accordingly, the Court rejects this theory of Plaintiff's § 1692g(a)(3) claim and dismisses it with prejudice.

Plaintiff next asserts that the Letter fails to comply with § 1692g(a)(3) because it requires Plaintiff to not only notify the debt collector she is disputing the debt but also provide the basis

for the dispute. Section 1692g(a)(3) requires only that the consumer provide notice of a dispute. By writing that Plaintiff's notice of dispute must include the basis for the dispute, Defendants essentially added a requirement to § 1692g(a)(3) that Congress did not approve. The Court finds that such an addition is sufficient basis for this § 1692g(a)(3) claim to survive.

Plaintiff also argues that the Letter improperly stated that Plaintiff must dispute the debt within thirty days, instead of thirty days of receipt of the Letter. The Letter omits "after receipt," and does not clarify anywhere in the Letter when those thirty days begin to run. Courts in this District have held similar omissions to nonetheless comply with § 1692g(a)(3) only where the collection letter clarified the commencement of the thirty-day period in other parts of the letter. *Ardino v. Lyons, Doughty & Veldhuis, P.C.*, No. Civ. 11-848 (NLH/KMW), 2011 WL 6257170, at *8 (D.N.J. Dec. 14, 2011). The same is true in other circuits. *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 93 (2d Cir. 2008); *Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, 59 F. Supp. 3d 617, 643 (S.D.N.Y. 2014). Defendants respond that due dates listed on the front of the letter imply that the thirty days are calculated from receipt. These dates, however, refer to when late charges, attorney's fees, and preparation fees are added to the debt. Nothing in their phrasing indicates they refer to the same thirty day period as that governing a notice of dispute. The Court thus finds that Plaintiff has furnished sufficient evidence to make out a plausible claim that the omission of "after receipt" violates § 1692g(a)(3).

Lastly, Plaintiff contends that the Letter improperly informs Plaintiff that her right to dispute the debt is limited to disputing the debt's amount, rather than both the debt's amount and validity. It is not apparent to the Court, nor does Plaintiff address, how the least sophisticated consumer would interpret disputing a debt's validity to capture circumstances outside of

disputing of a debt's amount. Thus, the Court dismisses this theory of Plaintiff's § 1692g(a)(3) claim with prejudice.

In conclusion, the Court grants the Defendants' motion to dismiss the claims that the Letter violated § 1692g(a)(3) in requiring Plaintiff to dispute the debt in writing and dispute only the debt's amount.

    2. *Section 1692g(a)(4)*

Plaintiff argues that the Letter also violates § 1692g(a)(4) because it states that Defendants will provide verification of the debt if Plaintiff disputes the debt's amount, rather than either the debt's validity or amount. For the same reasons as above, the Court dismisses this claim with prejudice.

    3. *Section 1692g(a)(5)*

Section 1692g(a)(5) requires the collection notice to state that the debt collector will provide the name and address of the original creditor upon request if the original and current creditors are different. This Circuit has held that a debt collector is only required to include the notice in § 1692g(a)(5) in cases where the original creditor and current creditor differ, because blanket inclusion of such language would be confusing to consumers. *Morse v. Kaplan*, 468 F. App'x 171, 173 (3d Cir. 2012). In this case, because the original and current creditors are the same, omission of the language in § 1692g(a)(5) does not violate the FDCPA. Thus, the Court grants the requested dismissal of this claim with prejudice.

    4. *Section 1692g(b)*

Section 1692g(b) indicates that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." A validation notice

must not be "overshadowed or contradicted by accompanying messages from the debt collector." *Graziano*, 950 F.2d at 111. Whether a validation notice is overshadowed or contradicted is judged under the least sophisticated consumer standard. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013). The Third Circuit has found a collection letter to violate § 1692g(b) where it demanded payment within ten days and threatened immediate legal action if payment was not made on the front page, and printed the validation notice on the reverse side. *Graziano*, 950 F.2d at 109. Where the disputed language and validation notice were printed in the same font, size, and color, and appeared close in proximity, however, the letter was found to comply with § 1692g(b). *Wilson*, 225 F.3d at 356. Further, a demand or threat of immediate legal action if payment was not made within a certain amount of time constituted language that is overshadowing or inconsistent, but presenting the options of paying the debt and avoiding further action versus notifying the collector of a dispute of the debt was valid. *Id.*

Plaintiff argues that the validation notice was overshadowed and contradicted by statements that the amount must be paid immediately to avoid the expense of potential legal proceedings and a lawsuit may commence if payment is not made within thirty days.[1] The Court finds that these messages do not overshadow or contradict the validation notice. The validation notice appears in the same typeface as the contested language, and on the same page; indeed, it precedes the contested language. The Letter thus more closely resembles the letter in *Wilson* than *Grazino*. Further, the Court does not construe the reference to legal action to constitute a threat: the Letter requests that the consumer pay the amount due immediately to avoid expenses that

---

[1] Plaintiff also argues that statements that Plaintiff must dispute the debt in writing, provide the basis for the dispute, and limit the dispute to the amount of the debt were overshadowing or inconsistent messages. These arguments are duplicative of Plaintiff's claims under § 1692g, and the Court does not find that they form the basis for a claim for relief under § 1692e.

will incur "if" legal proceedings are instituted and states that the Association "may" begin legal proceedings if it receives no payment within 30 days. However, such language only appears following a discussion of Plaintiff's alternative choice of disputing the debt, and a consumer is "bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008). Plaintiff asks the Court to find the message a threat because the Letter is from a law firm, citing *Crossley v. Lieberman* which opines that a debt collection letter on attorney letterhead conveys authority and credibility. 868 F.2d 566, 570 (3d Cir. 1989). Even viewing the Letter with authority and credibility, however, does not transform it from discussion of a possible future lawsuit into a threat, in light of the conditional language and its proximity to the explanation of Plaintiff's validation rights. The Court thus holds that the least sophisticated debtor would not be induced to overlook her statutory rights based on the Letter and dismisses Plaintiff's § 1692g(b) claim with prejudice.

  **B.**  **Sections 1692e and 1692f**

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provides a non-exhaustive list of behaviors that would violate the prohibition. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and also provides a non-exhaustive list of behaviors that would violate the provision. One such violation listed under § 1692f is the collection of interest, fees, charges, or expenses incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

Plaintiff argues that the Letter violates §§ 1692e and 1692f by stating the Association "would have the right" to collect interest, attorney's fees, and costs. The Bylaws state that the

9

Board at its option shall have the right to impose interest at the maximum rate permitted by law and may add reasonable attorney's fees plus reasonable costs as allowable by law. Def.'s Answer Ex. A, art. VI, § 8. Plaintiff argues that the Board only has the power to seek interest, reasonable attorney's fees, and costs, and the Board may not have opted to exercise that authority in Plaintiff's case. Because the Amended Complaint alleges that the Association lacked the right to or does not intend to exercise that right, Plaintiff reasons, those contentions must be presumed to be true. Plaintiff misstates the standard of review. For the purposes of a Rule 12(b)(6) motion, the Court assumes all plausible facts to be true. Conclusory allegations do not garner the presumption of truth. Here, Plaintiff has furnished no facts supporting its assertions that the Association lacked the right to assess interest, attorney's fees, and costs, or that it had no intention to do so. Furthermore, Defendants proffer evidence of the Association's Bylaws which appear to directly contradict Plaintiff's position. Plaintiff's § 1692e and 1692f claims regarding interest, attorney's fees, and costs are clearly insufficient under the Rule 12(b)(6) standard, and the Court dismisses the claim without prejudice.

Plaintiff pleads an additional violation of § 1692e: that the Letter is misleading as to when the Association can begin legal proceedings against Plaintiff. The Bylaws give the Board the power to enforce the Bylaws' provisions via court action. Def.'s Answer Ex. A, art. IX, § 1. The Letter states that the Association can file suit "after 90 days," but does not clarify when the ninety days begin. Further, the Letter includes a subsequent statement that the Association may begin legal proceedings within thirty days if Plaintiff does not pay the amount due. The Letter states different dates for when the Association can commence suit to collect the debt and is ambiguous regarding how those dates are calculated. These statements could be confusing to the least sophisticated consumer. Defendants in their briefs explain that the ninety days commence

from the time of default, and the thirty days refer to the validation time period under the FDCPA. That distinction, however, is not clear from the Letter itself. As such, the Court finds Plaintiff has properly pleaded a claim for relief under § 1692e for the parts of the Letter that discuss when legal action can begin.

Lastly, Plaintiff argues in her Reply Brief that the Letter's calculation of late fees violates § 1692e. This argument appears nowhere in Plaintiff's Amended Complaint, and "[a] plaintiff may not amend his complaint through arguments in his brief in opposition." *McMahon v. Salmond*, 573 F. App'x 128, 135 (3d Cir. 2014). As such, the Court finds that this theory of Plaintiff's is not properly pleaded.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED IN PART**.

Dated:   10/27/2016                                             s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge